UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL KIRK, et al., | ) |
|       Petitioners, | ) |
| v. | ) Case No. 4:23-cv-00011-SEP |
| DENISE HACKER, | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Carl Kirk's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. [1]). Petitioner purports to bring this action on behalf of himself and nine other civil detainees at the Sexual Offender Rehabilitation and Treatment Services (SORTS) program in Farmington, Missouri. For the reasons set forth below, the nine detainees Petitioner purports to represent are stricken from this case, and Petitioner is ordered to file an amended petition on a Court-provided form.

**THE PETITION**

Petitioner is a self-represented litigant who is currently participating in the SORTS program. He has filed a document that the Court will construe as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is handwritten and not on the required Court-provided form. The case caption indicates that it is on behalf of Petitioner Carl Kirk and Daniel Bohannan, Steven Whitt, Devin Hydorn, John Matheis, Stanley Williams, Rodney Swearengin, Daniel Kennemore, Christopher Burdiss, and Troy Spencer, Doc. [1] at 1, but Kirk is the only signatory on the petition, *id.* at 10. Only Kirk has signed the motion for leave to proceed *in forma pauperis* and the motion for appointment of counsel. Docs. [2] at 4; [4] at 2.

At the outset, Petitioner states that for the "past 22 years or more," he and others have been given "an indefinite life sentence in the maximum security [Department] of Mental Health." Doc. [1] at 2. He further asserts that the named Petitioners either pled guilty or were found guilty years ago, served their sentences, and have now been in the SORTS program for longer "than the original penalty imposed for their offenses." Doc. [1] at 3.

In the "Supporting Facts" section of the petition, Petitioner argues that the Supreme Court has forbidden civil commitment laws that amount to punishment. He also cites the "Universal

1

Declaration of Human Rights" for the proposition that a person cannot receive a heavier penalty "than the one that was applicable at the time the penal offense was committed."  Doc. [1] at 4.

Next, Petitioner cites a number of Missouri cases holding that confining sexually violent predators does not constitute punishment.  Doc. [1] at 4-5.  He notes that the State of Missouri claims that its civil commitment framework represents a "collateral consequence."  Doc. [1] at 5.  But Petitioner alleges that "the true intention and purpose" of the civil commitment law is to "inflict a continuous penalty to the targeted citizen," and that "the State has created a legal institution of [indefinite] incarceration," based only on "deceitful verbiage."  Doc. [1] at 6.  He claims Missouri is violating the rights of all individuals named in his petition "by disguising their intentions in a string of words, which are very clear in their intent" to punish.  Doc. [1] at 7.  Petitioner believes that violates the Eighth Amendment.  Doc. [1] at 8.

Petitioner asks the Court to order "the State of Missouri's Attorney General's Office to release" him, and to release "all others that are currently confined . . . at the Fulton State Hospital," which he claims is approximately 159 individuals.

## DISCUSSION

Petitioner brings this 28 U.S.C. § 2254 petition for writ of habeas corpus on behalf of himself and nine other named individuals, seeking the release of all civilly detained individuals in the SORTS program.  For the reasons set forth below, the nine detainees Petitioner purports to represent will be stricken.  Further, Petitioner will be ordered to file an amended petition on a Court-provided form.

### I.      **Petitioner cannot represent others.**

Petitioner may not bring the instant action on behalf of anyone other than himself.  A non-attorney pro se litigant cannot represent someone else in federal court.  *See* 28 U.S.C. § 1654 (in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others").  Because Petitioner cannot represent others, the Court will strike Daniel Bohannan, Steven Whitt, Devin Hydorn, John Matheis, Stanley Williams, Rodney Swearengin, Daniel Kennemore, Christopher Burdiss, and Troy Spencer from this action.  Once the other petitioners are stricken, this matter will proceed as to Petitioner Carl Kirk only, as he is the one who has signed the pleadings.

2

**II.     Petitioner must submit an amended complaint.**

Petitioner's petition for writ of habeas corpus is not on a Court-provided form, as required by the Court's rules. *See* E.D. Mo. L.R. 2.06(A). Since it is not on a Court form, it lacks the information required in a 28 U.S.C. § 2254 petition. Instead, the entirety of the petition is devoted to legal arguments and conclusions.

The Court will direct the Clerk of Court to send to Petitioner a copy of the Court's 28 U.S.C. § 2254 form petition for writ of habeas corpus. Petitioner shall fill out the form in its entirety, ensure that it is signed, and return it to the Court. He will have thirty days to submit his amended petition on the Court-provided form. If Petitioner does not comply, the Court will dismiss this action without prejudice.

**III.    Motion for Leave to Proceed *in Forma Pauperis***

Petitioner has filed a motion for leave to proceed *in forma pauperis*. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted.

**IV.    Motion for Appointment of Counsel**

Petitioner has also filed a motion for appointment of counsel. Doc. [4]. There is neither a constitutional nor a statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Rather, the decision to appoint counsel is within the discretion of the district court. *See Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

In this case, the Court does not find that the appointment of counsel is warranted. The petition consists mainly of arguments and unsupported assertions and does not show that Petitioner is entitled to relief. He has been ordered to file an amended petition on a Court form, and to include on that form the requisite information showing that the relief he requests is appropriate. Therefore, the motion is denied at this time.

Accordingly,

3

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** Petitioners Daniel Bohannan, Steven Whitt, Devin Hydorn, John Matheis, Stanley Williams, Rodney Swearengin, Daniel Kennemore, Christopher Burdiss, and Troy Spencer from this action.

**IT IS FURTHER ORDERED** that Petitioner Carl Kirk's Motion for Leave to Proceed *in Forma Pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Carl Kirk's Motion for Appointment of Counsel (Doc. [4]) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Petitioner Carl Kirk a copy of the Court's 28 U.S.C. § 2254 petition for writ of habeas corpus form.

**IT IS FURTHER ORDERED** that Petitioner Carl Kirk shall file an amended 28 U.S.C. § 2254 petition on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FINALLY ORDERED** that if Petitioner Carl Kirk fails to file an amended 28 U.S.C. § 2254 petition on the Court-provided form within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

Dated this 22nd day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4