UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL KIRK, | ) |
|       Petitioner, | ) ) ) |
| v. | )    No. 4:23-cv-00011-SEP |
| DENISE HACKER, | ) ) ) |
|       Respondent. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Carl Kirk's response to the Court's May 22, 2023, Order to file an amended petition. Doc. [10]. Having reviewed the response, for the reasons set forth below, the Court denies and dismisses Petitioner's petition for writ of habeas corpus.

### BACKGROUND

Petitioner is a self-represented litigant who is currently a civil detainee in the Sexual Offender Rehabilitation and Treatment Services (SORTS) program in Farmington, Missouri. On January 4, 2023, he filed a document construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. The petition was not on a Court-provided form, as required. The case caption indicated that the petition was being brought on behalf of Petitioner and nine other individuals: Daniel Bohannan, Steven Whitt, Devin Hydorn, John Matheis, Stanley Williams, Rodney Swearengin, Daniel Kennemore, Christopher Burdiss, and Troy Spencer.

Petitioner argued that he had been given "an indefinite life sentence in the maximum security [Department] of Mental Health," and that he and the other individuals had been in the SORTS program for longer "than the original penalty imposed for their offenses." *Id*. at 2. He argued that the United States Supreme Court has forbidden civil commitment laws that amount to punishment and cited the "Universal Declaration of Human Rights" for the proposition that a person cannot receive a heavier penalty "than the one that was applicable at the time the penal offense was committed." *Id*.

Despite acknowledging Missouri cases that have previously determined that confining sexually violent predators is not punishment, Petitioner asserted that "it is clear the true intention and purpose" of the civil commitment law is to "inflict a continuous penalty to the targeted citizen," and that "the State has created a legal institution of [indefinite] incarceration." *Id*. at 4.

He expressed his belief that the State of Missouri was violating the rights of all the individuals he named in the petition "by disguising their intentions in a string of words, which are very clear in their intent" to punish them, which, according to Petitioner, amounted to a violation of the Eighth Amendment. *Id*. Along with the petition, Petitioner filed a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. Docs. [2]; [4]. Petitioner was the only individual to sign the petition or the motions.

On May 22, 2023, the Court granted Petitioner's motion for leave to proceed *in forma pauperis* and denied his motion for appointment of counsel. Doc. [9]. The Court also directed the Clerk of Court to strike all purported petitioners from the case except for Kirk, explaining that as a nonlawyer, Kirk could not represent others in federal court. Because Peitioner had prepared and signed the pleadings, the case would proceed as to him alone.

In addition, the Court ordered Petitioner to file an amended petition on a Court-provided form. The Court noted that its rules require self-represented litigants to use a Court-provided form, and that the petition lacked the information required in a 28 U.S.C. § 2254 petition. The Court directed the Clerk of Court to send Petitioner a § 2254 form, and gave him 30 days to submit an amended petition on the proper form. Petitioner was advised that failure to comply would result in the dismissal of this action without prejudice and without further notice.

On June 20, 2023, the Court received a response from Petitioner entitled "Petitioner[']s Response to Memorandum and Order," Doc. [10], which was not on the Court-provided form.

## PETITIONER'S RESPONSE

In his response to the Court, Petitioner states that he is "seeking the issuance of a writ of habeas corpus for himself and all others similarly situated at this facility, and also the Fulton facility[,] by Rule 23 of a class action, naming 9-nine other individuals." Doc. [10] at 1. He explains that he is the only signatory "because he cannot make the contact to obtain these men's signatures." Petitioner also complains about his facility's "exaggerated security," which he claims "has prevented these Petitioners . . . from signing all the necessary materials [and] documents that all will willingly sign with contact." *Id*.

Petitioner asserts "that for these past 22 years or more[,] he and others have been given an indefinite life sentence in the maximum security Department of Mental Health." *Id*. at 1-2. He notes that he and others "either pled guilty or were found guilty years later after serving their

2

sentences," and that they now "find themselves the subject of penalties in a sham program called SORTS for years longer than the original penalty imposed for these offenses." *Id*. at 2.

Petitioner argues that the Supreme Court has forbidden civil commitment laws amounting to punishment, and that the Universal Declaration of Human Rights provides that a person cannot receive a heavier sentence than that applicable at the time an offense was committed.  He clarifies that he is "not [alleging] that the true intention and purpose of the [Missouri] civil commitment law is to inflict continuous penalty to the targeted citizen." *Id*. at 3.  Rather, Petitioner asserts that "it is a fact[,] not an [allegation]." *Id*.

Petitioner next discusses the Honorable Richard Teitelman's dissent in *In re Van Orden*, 271 S.W. 3d 579 (Mo. 2008):  "Judge Teitelman held that the text of the [Missouri Sexually Violent Predator] Act and the reality of its application revealed a process whereby the state exercises the power to impose a permanent, punitive restraint on individual liberty."  Thus, on Petitioner's reading of Judge Teitelman, "due process requires the exercise of this power to be conditioned upon proof beyond a reasonable doubt of each of the statutory prerequisites for commitment."[1]  Further, "the state should not be able to deprive forever the individual liberty of its citizens without having proved beyond a reasonable doubt the necessity of doing so." Petitioner states that his "request is the same as in the instant and original petition," and that he is "seeking the issuance of habeas corpus releasing these men from an unconstitutional sentence of confinement based upon the facts leading to their imprisonment." *Id*. at 4.

In the "Discussion" section of his response, Petitioner reiterates that he is bringing a "28 U.S.C. § 2254 petition seeking the issuance of a writ of habeas corpus on behalf of himself, and every man at this facility, and the one located in Fulton." *Id*.  He also opposes the Court's reasons "to strike the other named detainees," claiming that it "lacks any judicial merits." *Id*.  As

---

[1] In *In re Van Orden*, two men who had been committed as sexually violent predators under Mo. Rev. Stat. § 632.480 et seq. alleged that the commitment statute was "unconstitutional because due process requires that the state prove a person meets the definition of sexually violent predator beyond a reasonable doubt."  271 S.W.3d 579, 581-82 (Mo. 2008).  A majority of the Missouri Supreme Court determined that "clear and convincing evidence was an appropriate burden of proof in civil commitment proceedings," and "that proof beyond a reasonable doubt was not constitutionally required because the state was not exercising its power in a punitive sense." *Id*. at 585.  The majority further found that the burden of proof to be utilized was "a matter of legislative prerogative," that the "statutory requirements and procedures effectively minimize the risk of erroneous commitment," that persons undergoing commitment proceedings are "afforded many of the same rights of a criminal defendant," and that "the term of commitment is not indefinite," as sexually violent predators receive "an annual review to determine if the person's mental abnormality has so changed that commitment is no longer necessary." *Id*. at 585-86.

3

to the form that he was sent, Petitioner asserts that it "is in fact inadequate for the filing of this present petition."

Petitioner makes two arguments.  First, he disagrees with the Court's determination that he cannot represent others, stating that he is "aware that there is case law that supports otherwise if a person cannot represent themselves for lack of knowledge of their rights, and the law."  *Id*. at 4-5.  Citing *Schall v. Martin*, 467 U.S. 253 (1984), Petitioner contends that the question as to whether habeas relief can be pursued in a class action has never been addressed.  Accordingly, he "objects to the striking of the named petitioners," as they "all have knowledge of this filing as stated herein[,] and should be sent letters so that they can respond themselves by court order."

Petitioner acknowledges that he received the 28 U.S.C. § 2254 form that the Court directed he be sent, but he insists that the "form is in fact inadequate for the filing of this instant Petition," and that the petition he submitted "does not lack the information required."  *Id*. Petitioner also alleges that the original Petition contained "a great deal more than legal arguments," and "that these United States citizens are entitled" to relief "pursuant to the Declaration of Human Rights."  *Id*.

In closing, Petitioner warns the Court that if it "wishes to dismiss this instant Petition because it's handwritten," or if it wants "to ignore the facts set out," "a[n] appeal will be filed in this matter."  *Id*. at 6.  He states that "there has to be relief for all these men based on improper court proceedings in the civil trials, the usage of decade old files," and the "violations of both state and federal statutes alike."  *Id*.  In addition, Petitioner argues again that release is required under the Universal Declaration of Human Rights.  *Id*.  Finally, Petitioner states that he "will not waste time trying to use the provided form to implement the Petition already filed in this honorable court."  *Id*.

Attached to the response is an affidavit authored by Petitioner.  *Id*. at 7.  He states that on June 18, 1985, he was jailed for sexual assault on a nine-year-old and given a three-year sentence.  *Id*.  After serving two years, he was released on June 20, 1987.  *Id*.  Two months later, Petitioner states that he again assaulted a nine- or ten-year-old boy, receiving two 15-year sentences that ran consecutively.  *Id*.  After serving 24 years of his 30-year sentence, Petitioner was released on August 18, 2011, to the Kansas City Reentry Center.  *Id*.  In August 2012, he received a home plan to move out.  *Id*.  Within three weeks of leaving the reentry center, Petitioner was pulled over and given a ticket for a seat belt violation.  According to Petitioner,

4

that led to him being sent to prison on a parole violation. *Id*. On September 10, 2013, he was determined to be a sexually violent predator under RSMo § 632.480 et seq. *Id*. Petitioner arrived at SORTS on October 2, 2015, following a civil trial and involuntary commitment. *Id*. Petitioner notes that there are two Missouri facilities in which sexually violent predators can be confined: SORTS in Farmington, and the Fulton State Hospital in Fulton. He claims that both "are high security facilities surrounded by concertina wire fences." Petitioner next lists the property restrictions to which he is subject, which prevent him from having a wide variety of items. He concludes the affidavit by describing what he considers to be "unnecessary security features." *Id*. at 8.

Petitioner also submitted an affidavit authored by Larry Windeknecht, who claims to be a "consumer" of SORTS and involuntarily detained. Doc. [11] at 1. Windeknecht states that he arrived at "the [alleged] SORTS facility" on April 26, 2018, and that since then, he has been physically assaulted on two separate occasions. *Id*. at 1-2. Like Petitioner, Windeknecht opines that the SORTS program has engaged in an "exaggerated response" to security concerns. *Id*. at 2. Windeknecht advises the Court that SORTS is not the least restrictive treatment alternative, and he agrees with Petitioner that the program is "punitive." *Id*. at 2-3. He believes that this case is properly brought as a class action and asserts that "there are numerous circumstances" under 28 U.S.C. § 2254 that render the process "ineffective to protect the rights of all named applicants, and those that are unnamed." *Id*. at 3. In particular, Windeknecht asserts that "Petitioners cannot submit these pleading[s] to a lower court as they do not have the authority to interpret federal treaties." *Id*. at 4. Windeknecht states that the 1948 Universal Declaration of Human Rights comprises "the grounds of this Petition."

## DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of Petitioner's 28 U.S.C. § 2254 petition. If it is plainly apparent "from the Petition and any attached exhibits that Petitioner is not entitled to relief," the Petition must be dismissed. On its initial review, the Court determined that the initial petition was subject to dismissal. The Court ordered Petitioner to file an amended petition on a Court-provided form within 30 days and advised that failure to comply would result in dismissal. Petitioner has now responded, indicating that he will not comply with the Court's order. Therefore, this action is subject to dismissal under Federal Rule of Civil Procedure 41(b).

5

Although he is a self-represented litigant, Petitioner must still comply with the Court's orders and with the Federal Rules of Civil Procedure.  *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure").  Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order.  That rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (self-represented "litigants are not excused from compliance with substantive and procedural law").  Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id*. ("district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and "[a] court may so dismiss on its own initiative").

Petitioner responded to the Court's order allowing him to amend by acknowledging that he received the Court-provided form but asserting that it is inadequate.  Despite the Court advising him that he could not represent others, Petitioner insists that he is bringing a class action on behalf of all men detained pursuant to Missouri's Sexually Violent Predator Act.  Petitioner's noncompliance is intentional, as he states that he "will not waste time trying to use the provided form to implement the petition already filed."  Doc. [10] at 6.

Because Petitioner refuses to follow the Court's order to file an amended petition, this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).  *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with court order, where plaintiff failed to follow order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of May 22, 2023.  *See* Fed. R. Civ. P. 41(b).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. Dated this 3rd day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE